# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE        )
                                  )
      v.                   )      I.D. No. 0104015882
                                  )
CHAUNCEY STARLING,        )
                                  )
      Defendant.          )

Submitted: November 3, 2016
Decided: November 22, 2016

## ORDER SETTING BAIL

Defendant Chauncey Starling ("Defendant") seeks an order setting bail at $50,000 secured and releasing Defendant to Home Confinement. The State opposes Defendant's motion and contends that bail should be set at $1,000,000 cash. The Court conducted a hearing and the parties jointly supplemented the record thereafter.

Upon consideration of Defendant's Motion; the State's response thereto; the Delaware Constitution; statutory and decisional law; the Superior Court Rules of Criminal Procedure; the facts and arguments set forth by the parties; and the entire record in this case, the Court hereby finds as follows:

1. Defendant is charged with two counts of Murder in the First Degree (non-capital), two counts of Possession of a Firearm During Commission of a Felony, and one count of Conspiracy First Degree.

2. The Delaware Constitution provides, in relevant part, "[a]ll prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is positive or the presumption great, or unless for Class A or B violent felony offenses, as defined in Title 11 of the Delaware Code and under such other circumstances as may be prescribed by law when no condition or combination of conditions other than detention will reasonably assure the safety of any person or the community. . . ."[1]

3. According to statute, "[t]he determination of whether the accused shall be released . . . and the conditions . . . of the release shall be in the discretion of the court subject to this chapter . . . the Court shall employ an objective risk assessment instrument to gauge the person's risk of flight and re-arrest and the safety of the victim and the community . . . ."[2]

4. The Court utilized a pre-trial risk assessment instrument and also considered aggravating and mitigating factors under the totality of the circumstances.

---

[1] DEL. CONST. art. I, § 12.
[2] 11 *Del. C.* § 2104(d).

5. "In determining whether the accused is likely to appear as required and that there will be no substantial risk to the safety of the community the court shall, on the basis of available information, take into consideration the nature and circumstances of the crime charged, whether a firearm was used or possessed, the possibility of statutory mandatory imprisonment, whether the crime was committed against a victim with intent to hinder prosecution, the family ties of the accused, the accused's employment, financial resources, character and mental condition, the length of residence in the community, record of convictions, habitual offender eligibility, custody status at the time of offense, history of amenability to lesser sanctions, history of breach of release, record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings."[3]

6. With respect to the nature and circumstances of the crimes charged, if Defendant is found guilty of Murder in the First Degree, he "shall be punished . . . by imprisonment for the remainder of the person's natural life without benefit of probation or parole or any other reduction."[4] In addition, Defendant's criminal history includes very serious offenses as a juvenile, as well as an adult conviction for a violent offense involving a firearm. Defendant's juvenile history also includes a charge of Escape After Conviction. Furthermore, Defendant's co-

---

[3] 11 *Del. C.* § 2105(b).
[4] 11 *Del. C.* § 4209(a).

defendant was convicted of and sentenced for two counts of Criminally Negligent Homicide and one count of Conspiracy pursuant to a No Contest plea.

7. Under a totality of the circumstances analysis, the Court finds that there is a high risk that Defendant will fail to appear as required and that there is a substantial risk to the safety of the community. Accordingly, significant cash bail is required to secure Defendant's appearance at trial with conditions of release to minimize any risk of re-offense to the community.

**NOW, THEREFORE, this 22nd day of November, 2016,**

**BAIL is hereby set as follows:**

1. Murder in the First Degree (count 1) - $250,000 cash;

2. Murder in the First Degree (count 2) - $250,000 cash;

3. Possession of a Firearm During Commission of a Felony (count 3) - $100,000 cash;

4. Possession of a Firearm During Commission of a Felony (count 4) - $100,000 cash; and

5. Conspiracy First Degree (count 5) - $100,000 cash.

**Defendant shall be supervised by Pre-Trial Supervision subject to the following special CONDITIONS OF RELEASE as follows:**

1. Abide by a curfew as determined by DOC;

2. No Contact with co-defendant Richard G. Frink, or any person who testified at Defendant's 2003 trial, or any family members of the victims of the March 9, 2001 homicides;

4

3. Zero tolerance for possession or use of alcohol, drugs or intoxicating substances;

4. Drug and alcohol testing;

5. Zero tolerance for possession of firearms or other deadly weapons; and

6. Electronic monitoring (hold at Level 5 until monitoring is set up).

**IT IS SO ORDERED.**

**The Honorable Andrea L. Rocanelli**

cc: Criminal Prothonotary
James K. McCloskey, DAG
Annemarie H. Puit, DAG
Steven H. Brose, Esquire
Jeremy D. Engle, Esquire
David M. Fragale, Esquire
James J. Haley, Jr., Esquire